IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON DEVON FOOTES,                     *

    Petitioner                                *

           v                              *        Civil Action No. DKC-16-786

FRANK B. BISHOP, JR., and            *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                  *

    Respondents                      *
                                              ***

## MEMORANDUM OPINION

Petitioner Aaron Devon Footes was granted authorization pursuant to 28 U.S.C. § 2244 by the United States Court of Appeals for the Fourth Circuit to file a second or successive 28 U.S.C. § 2254 petition attacking his 1997 state court judgment of conviction. ECF No. 1-1. The court found that "Footes ha[d] made a prima facie showing that the new rule of constitutional law announced in *Miller v. Alabama*, 132 S.Ct. 2455 (2015), and made retroactive by *Montgomery v. Louisiana*, [135 S.Ct. 718 (2016)], may apply to his case." *Id*.

By way of a court directed supplemental petition, Footes alleges that he was 17 years old at the time the underlying crime for which he was convicted was committed and that his life sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. ECF No. 3, pp. 5-6. He also alleges that the state and trial and appellate counsel allowed perjured testimony during his trial; the prosecutor failed to disclose exculpatory evidence; he was not advised of his right to prompt presentment; and trial counsel failed to request the jury be instructed on the lesser included offenses to first-degree murder. *Id*., p. 6.

Respondents filed an Answer to the Petition asserting that Footes has not met the standard for filing a second or successive petition or alternatively that the matter should be

stayed so that Footes may exhaust his claim regarding his life sentence in state court. ECF No. 12.

Footes was convicted by the Circuit Court for Prince George's County, Maryland on September 10, 1997, of murder, robbery with a deadly weapon, robbery, and use of a handgun in the commission of a crime of violence. ECF No. 12-1; ECF No. 12-2. On September 29, 1997, he was sentenced to a life term of imprisonment for the murder conviction, plus a consecutive 20 year term of confinement for the handgun offense. The remaining offenses merged. *Id*. Footes' convictions were affirmed on June 10, 1998, by the Maryland Court of Special Appeals. His petition of writ of certiorari was denied by the Court of Appeals of Maryland on September 15, 1998. *Id*.

Footes initiated state post-conviction proceedings on June 15, 2006. ECF No. 12-1; ECF No. 12-2. The petition was withdrawn without prejudice on May 4, 2007. *Id*. Footes' second petition for post-conviction relief, filed September 24, 2007, was granted on December 19, 2008, in regard to Footes' right to file a belated motion for modification, but was otherwise denied. *Id*. His application for leave to appeal was denied by the Court of Special Appeals on June 29, 2011. *Id*. Thereafter Footes unsuccessfully moved to reopen his state post-conviction proceedings on grounds of ineffective assistance of counsel but was unsuccessful. *Id*. Ex 1 & 3. A review of the online docket in Footes' state case demonstrates that a counselled motion to correct illegal sentence is currently pending. A hearing on the motion was scheduled for March 20, 2018, but was postponed for unspecified reasons. *State v. Footes*, Circuit Court for Prince George's County, Maryland Case Number CT970455A.[1]

Footes filed a Petition for Writ of Habeas Corpus in this court in 2011, which was dismissed as time barred. *See Footes v. Shearin, et al*., Civil Action No. WDQ-11-1122 (D.

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/ (last visited May 29, 2018).

Md.). In 2015, his petition for writ of habeas corpus was dismissed as a successive petition. *See Footes v. Bishop*, Civil Action No. DKC-15-2525 (D. Md.).

On February 22, 2016, as noted, the Fourth Circuit Court of Appeals found that Footes made a prima facie showing that the new rule of constitutional law announced in *Miller,* 132 S.Ct. at 2469 (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders") and made retroactive by *Montgomery* may apply to his case. Respondents argue that the authorization issued by the Fourth Circuit only applied to Footes' Eighth Amendment claim regarding his life sentence and as such the other claims raised in his supplemental petition are subject to dismissal. The court agrees. The Fourth Circuit only granted authorization to file a second/successive petition based upon the Eighth Amendment claim and Foote's additional allegations will not be considered.

Respondents next argue that Footes has not satisfied the requirements of 28 U.S.C. § 2244 regarding second or successive petitions. ECF No. 12. As noted, however, the Fourth Circuit has already made the determination that Footes made the requisite showing and authorized this petition. *See* 28 U.S.C. § 2244(b)(3)(C) ("The **court of appeals** may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.")(emphasis added).

Lastly, Respondents correctly observe that Footes has not yet brought his claim before any state court and requests that the matter be stayed and held in abeyance while Footes exhausts his state court remedies. Before this court may consider the merits of Footes' claim he must first exhaust the claim in state court. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Although Footes has exhausted his direct appeal process and has

3

previously filed for post-conviction relief, he may present his Eighth Amendment claim in state court in a motion to reopen post-conviction proceedings. *See* Md. Code Ann., Crim. Proc. §7-104 (providing post- conviction proceedings may be reopened in the interest of justice). Footes may also present his Eight Amendment claim by way of a motion to correct illegal sentence. Md. Rule 4-345(a) (providing court may correct an illegal sentence at any time). Footes currently has such a motion pending in state court, although it not discernible from the docket the claims raised in that motion.

Under *Rhines v. Weber,* 544 U.S. 269, 277 (2005), a Petitioner who is able to demonstrate good cause for failing to exhaust a claim may return to state court to present the unexhausted claim while the federal habeas petition remains stayed. A stay is available only in limited circumstances, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious and no dilatory tactics are shown. *Id*. Even if a Petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay if the unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277. Based on the factual information presented, the undersigned finds that Footes has satisfied the good-cause prong of *Rhines*. The filing of this writ to raise Footes' claim under *Miller* was appropriate, and the failure to exhaust the claim, which is not plainly meritless, was not made as a part of a dilatory litigation tactic. *Rhines,* 544 U.S. at 275–78. As such, a stay and abeyance will be granted in this case to permit Footes to present his unexhausted claim in a motion to re-open post-conviction proceedings pursuant to Md. Code Ann., Crim. Proc. Art., §7-104 (post-conviction proceedings may be reopened in the interests of justice) and to complete review of his motion to correct an illegal sentence. Footes is cautioned that his claim must be presented in the motion to re-open post-conviction proceedings and any denial of the claim must be appealed to the highest

state court with authority to consider the claim in order for the claim to be property exhausted for purposes of federal habeas review.

      A separate Order follows.

May 29, 2018                                                                  _____/s/_____
                                                                             DEBORAH K. CHASANOW
                                                                             United States District Judge